WILLIAM T. SPENCER *et al.*, plaintiffs in error, *vs.* JAMES M. SMITH, governor, defendant in error.

1. Where the bill of exceptions is filed in the clerk's office of the court below on the return day to the next term of this court, but is for-warded to, and reaches the clerk's office of, this court after the return day, but before the call of the cases on the circuit to which it appropriately belongs is finished, it will not, under the act of February 26, 1877, be entered on the docket of that term, but will go over to the next. (R.)

2. To bring a case within section 1st of that act, the bill of exceptions must have been filed in the clerk's office of the superior court at least ten days before the return day to the next term of this court. (R.)

Practice in the Supreme Court.    August Term, 1877.

This case was entered on the docket for the present term. When it was called, counsel for defendant in error moved to transfer it to the docket of the next term, upon the ground that it did not come within the provisions of section 1st of the act of February 26, 1877, as the bill of exceptions was

not filed in the clerk's office of the court below until July 24, 1877, which was the return day to the present term, reaching this court on July 30, and therefore the case could not by any possibility have reached the clerk's office of this court by return day; that the case was not "postponed by reason of a failure of the clerk of the superior court in trans-mitting," etc. The motion was sustained, and the act of 1877 construed as set forth in the above head-notes.

JOHN C. NICHOLS; GOODYEAR & HARRIS, for plaintiffs in error.

SIMON W. HITCH, by Z. D. HARRISON, for defendant.